■ CHARLES E. BARDUSCH, JR., et al., Appellants, v LEO LYNCH, Respondent. [596 NYS2d 270] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The court erred in holding that the ambiguity concerning the location of the boundary line between lots 4 and 5 is to be resolved by the auctioneer. A contract to sell real property must be in writing and that writing must contain all of the essential terms, including a description of the property. The writing in this case, consisting of the accepted purchase offer, contains no description but refers to the lands sold only as "Auction

parcels 1, 2, 3 and 4 lands of Leo Lynch." Even if this description is supplemented by reference to the map distributed at the auction, the description is insufficient to establish with reasonable certainty the southeast boundary line of the property conveyed. The map gives no course or distance for that line and, thus, it is impossible to ascertain the location of the east end of the line. Because the agreement does not describe with reasonable certainty the property to be conveyed, specific performance will not lie (61 NY Jur 2d, Statute of Frauds, § 162). Thus, summary judgment is granted to defendant dismissing the complaint. (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.