■ GRACE PARRIS, Appellant, v MARY OLIVA, Respondent. [715 NYS2d 716] —In an action to compel the defendant to remove a certain fence, and for related relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated November 3, 1999, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1994 the plaintiff commenced an action to prohibit the defendant from constructing a certain fence. The plaintiff claimed that she benefited from an easement by prescription over a portion of the defendant's property, and that the fence in question would interfere with her enjoyment of that easement. By order and judgment (one paper) dated August 29, 1994, the Supreme Court dismissed that action on the merits.

The defendant, under authority of the 1994 order and judgment, constructed the fence as planned. Following the construction of the fence, the plaintiff commenced the present action against the defendant. She now seeks an order directing the removal of the fence, asserting the same alleged easement by prescription that she had unsuccessfully relied upon in the first action.

The Supreme Court dismissed the present action, finding that the plaintiff had produced no evidence that the use of the defendant's property was adverse. We need not address this issue, because the plaintiff's action is clearly barred by the doctrine of res judicata (see, CPLR 3211 [a] [5]). The 1994 order and judgment conclusively adjudicated the right of the defendant to erect the fence in question, notwithstanding the plaintiff's claim that the fence would interfere with an alleged easement by prescription. To permit the plaintiff to relitigate this, or any other claim arising out of the construction of the subject fence, would violate the doctrine of res judicata (see generally, O'Brien v City of Syracuse, 54 NY2d 353; Smith v Russell Sage Coll., 54 NY2d 185; Matter of Reilly v Reid, 45 NY2d 24). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.