■ M.D.T. 1984 DUPLICATIONS LTD., Respondent, v MARK IV INDUSTRIES, INC., Appellant, et al., Defendant. (Appeal No. 1.) [724 NYS2d 393] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the motion of Mark IV Industries, Inc. (defendant) seeking to dismiss the first and fourth causes of action against it pursuant to CPLR 3211 (a) (1), (5) and (7). Plaintiff purchased

a video cassette duplicating system from a wholly-owned subsidiary of defendant for its business in Tel Aviv, Israel and thereafter commenced an action in Israel alleging that the system was defective. Plaintiff was awarded a default judgment, and the parties thereafter entered into a "Settlement Agreement and Release" (settlement agreement) pursuant to which defendant would provide plaintiff with certain equipment. Plaintiff then commenced this action, alleging that, although the equipment specified in the settlement agreement was delivered, other components are necessary in order for the duplicating system to function properly.

The court erred in failing to dismiss the first cause of action, alleging breach of the settlement agreement. "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). The settlement agreement provides that certain equipment that is clearly identified therein shall be sent by defendant to plaintiff in consideration for the settlement of the Israeli law suit. That equipment was sent to plaintiff. Plaintiff seeks to establish a breach of the settlement agreement by introducing parol evidence to demonstrate that the equipment does not constitute a complete duplication system. "It is well settled that 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face'" (*W.W.W. Assocs. v Giancontieri, supra*, at 163). Defendant established its entitlement to dismissal of the first cause of action based both on a defense founded upon documentary evidence (*see,* CPLR 3211 [a] [1]) and on its performance under the settlement agreement (*see,* CPLR 3211 [a] [5]).

The court further erred in failing to dismiss the fourth cause of action, alleging damages to business and business reputation. Loss of business and damage to business reputation are not independent causes of action but, rather, they are items of special damages (*see, e.g., Reporters' Assn. v Sun Print. & Publ. Assn.*, 186 NY 437; *5th Ave. Chocolatiere v 540 Acquisition Co.*, 272 AD2d 23, *revd on other grounds* 96 NY2d 280; *Temple Marble & Tile v Long Is. R. R.*, 256 AD2d 526, 527; *S.A.B. Enters. v Village of Athens*, 164 AD2d 558, 562-563; *Raymond Le Chase, Inc. v Vincent Buick, Inc.*, 77 Misc 2d 1024). Thus, defendant is entitled to dismissal of the fourth cause of action

based on the failure to state a cause of action (*see*, CPLR 3211 [a] [7]). We therefore modify the order by granting defendant's motion in part and dismissing the first and fourth causes of action against it. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.