■ SHEILA M. FOYE et al., Respondents, v LOIS M. PARKER, Appellant. [790 NYS2d 787]—

Appeal from an order of the Chautauqua County Court (Stephen W. Cass, A.J.), entered May 14, 2004. The order, among other things, denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint and as modified the order is affirmed with costs to defendant.

Memorandum: Plaintiffs commenced this action to compel specific performance of an option agreement to purchase land owned by defendant. Plaintiffs purported to exercise their option by electing to purchase only a portion of the premises described in the option agreement. As a preliminary matter, although the notice of appeal recites the incorrect dates of County Court's order and its entry in the County Clerk's office, we exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c) (*see generally Myers v General Elec. Co.*, 132 AD2d 1007 [1987]). On the merits, we conclude that the court erred in denying defendant's motion for summary judgment dismissing the complaint. The option agreement is clear and unambiguous and thus must be enforced according to its terms (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162

[1990]; *see also Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). It provides that plaintiffs may "purchase . . . the premises described in Schedule 'A' which is attached." Schedule A described a single parcel of 62.25 acres, excepting therefrom three parcels, the third of which was a 28-acre parcel purchased by plaintiffs in March 2000. The option agreement allows plaintiffs to purchase the remainder of the parcel, but does not allow them to purchase any lesser amount consisting of acreage of their own choosing. Therefore, the purported exercise of the option by plaintiffs and their cause of action for specific performance must fail because the parcel they are seeking to purchase differs from the parcel described in the option agreement (*see generally Bardusch v Lynch*, 192 AD2d 1088 [1993]; *Matter of Hill v Marks*, 124 AD2d 445, 446 [1986]; *see also Wells v Ronning*, 269 AD2d 690, 691-692 [2000]). Moreover, parol evidence is not admissible to vary the description in Schedule A or to delineate some smaller portion of the land (*see Andersen v Mazza*, 258 AD2d 726, 727 [1999]; *Schweitzer v Heppner*, 212 AD2d 835, 838 [1995]). In light of the clear and unambiguous description of the parcel to be conveyed, the fact that the purchase price is set at $1,000 per acre does not create an ambiguity allowing plaintiffs to purchase smaller portions of the land by the acre; in our view, $1,000 per acre is simply a "cognizable formula by which the agreed purchase price can be readily ascertained" (*Dahm v Miele*, 136 AD2d 586, 587 [1988]). Because parol evidence may not be used to vary the terms of the option agreement, we reject the contention of plaintiffs that the motion should be denied because there has not been sufficient discovery. We therefore modify the order by granting defendant's motion for summary judgment dismissing the complaint. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.