EDWARD MAIORINO, Respondent, v STEVE GALINDO et al., Appellants, et al., Defendants. [883 NYS2d 589]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendants Steve Galindo, Michael Madia, James Napolitano, Demo Works, Inc., Kitchen Designs by Dependable, Inc., and "ABC Corp.," as successor in interest to Kitchen Designs by Dependable, Inc., appeal, as limited by

their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated May 22, 2008, as denied those branches of the defendants' motion which were to dismiss the cause of action seeking to impose a constructive trust on certain real property pursuant to CPLR 3211 (a) (7), and to cancel a notice of pendency pursuant to CPLR 6514 (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were to dismiss the cause of action seeking to impose a constructive trust on certain real property pursuant to CPLR 3211 (a) (7) and to cancel a notice of pendency pursuant to CPLR 6514 (b) are granted.

The plaintiff, Edward Maiorino, who was a 50% shareholder in the defendant Demo Works, Inc. (hereinafter Demo), alleged, inter alia, that the defendant Steve Galindo, who was also a 50% shareholder in Demo, improperly diverted assets of Demo to improve real property in Bethpage (hereinafter the Bethpage property). The defendant Michael Madia had purchased the Bethpage property in his own name and financed the purchase by obtaining mortgages for the full purchase price, but the complaint alleges, in effect, that Galindo used Madia to purchase the home for him because Madia was able to obtain credit. The complaint seeks, among other things, to impose a constructive trust on the Bethpage property. The defendants moved, inter alia, to dismiss the cause of action seeking to impose a constructive trust under CPLR 3211 (a) (7) and to cancel the notice of pendency under CPLR 6514 (b). In the order appealed from, the Supreme Court, among other things, denied those branches of the motion. We reverse the order insofar as appealed from.

Inasmuch as the motion was made pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the complaint to be true and accord the plaintiff the benefit of every possible inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]). In general, it may be appropriate to impose a constructive trust in situations " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). The necessary elements for the imposition of a constructive trust are: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance on that promise; and (4) unjust enrichment (*see Sharp v Kosmal-*

*ski*, 40 NY2d at 121; *Pereira v Glicker*, 61 AD3d 948 [2009]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]). Here, the complaint does not adequately plead a cause of action to impose a constructive trust on the Bethpage property. While there was a confidential relationship between the plaintiff and Galindo as 50% shareholders in Demo, and Galindo and Madia may have been unjustly enriched by the alleged diversion of Demo's assets, there was no promise to either the plaintiff or Demo with respect to the Bethpage property and no transfer of that property in reliance on any promise. Indeed, there is no allegation that either the plaintiff or Demo had any preexisting interest or expectation of an interest in the Bethpage property. The complaint contains the plaintiff's acknowledgment that Madia borrowed the money using his own credit to pay for the purchase of the property, and it is not alleged that any assets of Demo or personal funds of the plaintiff were used in the purchase of the property (*see Gargano v V.C.&J. Constr. Corp.*, 148 AD2d 417, 418-419 [1989]).

Inasmuch as the cause of action seeking to impose a constructive trust on the Bethpage property was the only cause of action in the complaint that would affect the title to, or the possession, use or enjoyment of that property, that branch of the defendants' motion which was to cancel the notice of pendency should have been granted (*see* CPLR 6514 [b]; *Shkolnik v Krutoy*, 32 AD3d 536, 537 [2006]; *Distinctive Custom Homes Bldg. Corp. v Esteves*, 12 AD3d 559 [2004]). Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.