Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered January 19, 2016. The order, among other things, canceled of record the notice of pendency filed by plaintiff and determined that defendant had clear title to 1197 Harris Road, Webster, New York.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In May 2013, defendant signed a contract to purchase plaintiff’s residence (hereafter, property) at 1197 Harris Road in Webster, New York. The purchase contract provided that plaintiff would give defendant $11,000 in seller’s concessions, as well as a gift of equity in the home of $56,600. The remaining price of the property was financed by defendant through a mortgage. Defendant signed the contract both as the buyer and as the seller through the power of attorney (POA) granted to her by plaintiff on January 2, 2013. A second POA was executed by plaintiff on May 27, 2013, and it included a statutory gift rider in which plaintiff authorized defendant to make major gifts to herself, as well as to various other individuals. After the parties’ relationship ended, they entered into a mediated settlement agreement (agreement) whereby defendant agreed to sell the property back to plaintiff for the same price for which she purchased it, thereby effectively reversing the sale. Plaintiff agreed to secure a mortgage or to assume defendant’s mortgage, and to have arrangements in place to transfer the property within 90 days of signing the agreement. The agreement also provided that plaintiff would “forego collection [and] enforcement of either civil or criminal matters for assets while under the control of [defendant, as POA for plaintiff,] in any and all court proceedings.” Plaintiff was not able to obtain the funds to purchase the property within 90 days and, therefore, defendant entered into a contract to sell the property to a third party.
 

 Thereafter, plaintiff acting pro se commenced this action seeking damages for money and property that defendant allegedly stole from him while acting pursuant to her POA. Additionally, plaintiff sought an imposition of a constructive trust on the property, and he filed a notice of pendency, requesting that Supreme Court prohibit the sale, transfer, or disposal of the property by defendant. In response, defendant filed a motion to dismiss pursuant to, inter alia, CPLR 3211 (a) (1), asserting that she was the rightful owner of the property and alleging that the agreement barred plaintiff’s suit. Defendant also requested that the court cancel plaintiff’s notice of pendency. Shortly thereafter, defendant obtained a bona fide purchaser for the property and proceeded by order to show cause to request that the court cancel plaintiff’s notice of pendency prior to the return date of the motion to dismiss.
 

 In appeal No. 1, plaintiff appeals from an order that, among other things, canceled of record the notice of pendency filed by plaintiff and determined that defendant had clear title to the property. In appeal No. 2, plaintiff appeals from a separate order that, among other things, dismissed the complaint.
 

 Turning to appeal No. 2 first, we conclude that the court properly dismissed the complaint pursuant to CPLR 3211 (a) (1). “It is well established that, [w]hen a court rules on a CPLR 3211 motion to dismiss, it must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiffl ] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory. A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff’s] claim [s]” (Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017] [internal quotation marks and citations omitted]). Here, defendant submitted documentary evidence, namely, the agreement, establishing that there were no issues of fact, and that the agreement conclusively disposed of plaintiffs claims. Thus, the court properly dismissed the complaint (see Pine v Coppola N.Y.C., 299 AD2d 227, 227 [1st Dept 2002]; see also Jackson v Gross, 150 AD3d 710, 711 [2d Dept 2017]; Vitullo v New York Cent. Mut. Fire Ins. Co., 148 AD3d 1773, 1774-1775 [4th Dept 2017]; M.D.T. 1984 Duplications v Mark IV Indus., 283 AD2d 1001, 1002 [4th Dept 2001]). We have considered plaintiff’s contentions concerning the enforceability of the agreement and conclude that they are without merit.
 

 With respect to the cancellation of record of plaintiff’s notice of pendency in appeal No. 1, we conclude that, inasmuch as the agreement bars plaintiff’s suit, “plaintiff does not have a valid claim against [defendant,] and the notice of pendency was properly cancelled” (Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465 [1st Dept 2010], citing CPLR 6514 [b]; see Maiorino v Galindo, 65 AD3d 525, 527 [2d Dept 2009]; Fleming-Jackson v Fleming, 41 AD3d 175, 176 [1st Dept 2007]; Nastasi v Nastasi, 26 AD3d 32, 41-42 [2d Dept 2005]).
 

 Present—Smith, J.P., Centra, Garni, Curran and Troutman, JJ.