Cook v Estate of Achzet (2023 NY Slip Op 01436)

Cook v Estate of Achzet

2023 NY Slip Op 01436

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

945 CA 22-00333

[*1]JAY COOK AND CHARLENE COOK, AS TRUSTEES OF THE COOK FAMILY TRUST, PLAINTIFFS-APPELLANTS,
v
THE ESTATE OF BARBARA H. ACHZET, DECEASED, RUSSELL K. ACHZET, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HARRIS BEACH PLLC, PITTSFORD (KYLE D. GOOCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, A.J.), entered October 20, 2021. The order, inter alia, dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.
Memorandum: Barbara H. Achzet (decedent) and plaintiffs, who owned adjacent lakefront properties, became engaged in a boundary-line dispute over an area that encompassed space behind plaintiffs' concrete block boathouse and a portion of decedent's breakwall. Decedent, by defendant Russell K. Achzet (Russell) as power of attorney, commenced a prior action seeking to adjudicate the boundary line between the two adjacent properties. Decedent alleged that she owned the disputed area based, in part, on evidence that she and her predecessors in interest had exclusively occupied and maintained the disputed area for the past six decades. Following motion practice, Supreme Court, inter alia, granted decedent's motion for summary judgment on the causes of action that sought to determine the boundary line under the doctrine of practical location and RPAPL article 15. In an order and judgment (judgment) entered November 1, 2019, the court declared that decedent was the lawful owner of the disputed area and that she was vested with absolute and unencumbered title in fee to that premises. The judgment further declared that decedent was entitled to the immediate and exclusive possession of the disputed area free and clear of any lien, claim, right, interest, or easement on the part of plaintiffs. Additionally, the judgment declared that plaintiffs had no claim or right over the disputed area and that they were forever barred from any and all claim to any estate or interest in the disputed area. Plaintiffs failed to timely perfect their appeal from the judgment, and the appeal was therefore deemed dismissed (see 22 NYCRR 1250.10 [a]).
Decedent thereafter died, and Russell was appointed executor of her estate (collectively, defendants), which was then the owner of decedent's property. According to defendants, as Russell was making preparations to sell the property, one of the plaintiffs informed the real estate agent that plaintiffs were still claiming an ownership interest in the disputed area, notwithstanding the judgment in the prior action. Despite a letter from defendants' counsel demanding that plaintiffs cease and desist from making any further claim to the disputed area and interfering with the sale of the property, plaintiffs' attorney responded that plaintiffs would continue to assert their legal rights with respect to the litigation over the disputed area and would consider pursuing other claims. While plaintiffs expressed some interest in purchasing the property, defendants refused to consider a direct sale, and plaintiffs failed to make an offer following a public listing of the property, which ultimately came under contract to be sold to a third-party buyer.
Shortly thereafter, plaintiffs commenced the present action alleging in their first cause of action, under RPAPL article 15, that the judgment resulted in their remaining property becoming a nonconforming lot under unspecified zoning laws, rules, and regulations, and seeking a declaration that they were the owners in "fee absolute" to the disputed area, thereby necessitating the "return" of that property. Plaintiffs alleged in their second cause of action that, alternatively, they were entitled to an easement by necessity over the disputed area. Defendants subsequently moved by order to show cause for an order, inter alia, dismissing the complaint pursuant to CPLR 3211 (a) (5) on the grounds of res judicata and collateral estoppel, cancelling pursuant to CPLR 6514 (a) and (b) the notice of pendency filed by plaintiffs, and awarding costs and expenses, including reasonable attorneys' fees, pursuant to CPLR 6514 (c). The court granted the motion, dismissed the complaint with prejudice, ordered cancellation of the notice of pendency, and awarded costs and expenses to defendants. Plaintiffs now appeal.
Preliminarily, inasmuch as the notice of appeal is prematurely dated and contains a mere inaccuracy as to the entry date of the underlying order, we exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c) (see Foye v Parker, 15 AD3d 907, 907 [4th Dept 2005]).
Plaintiffs first contend that defendants' pre-answer motion was "premature" because an order to show cause constitutes a motion for summary judgment, and the motion was therefore improperly brought before issue was joined. We conclude that plaintiffs' contention is devoid of merit and constitutes an affront to rudimentary precepts of civil practice.
As defendants correctly point out, the CPLR expressly permits a party to "move for judgment dismissing one or more causes of action . . . on the ground that . . . the cause of action may not be maintained because of . . . collateral estoppel [or] . . . res judicata" (CPLR 3211 [a] [5]). Such a motion may be made "[a]t any time before service of the responsive pleading is required" (CPLR 3211 [e]). Moreover, contrary to plaintiffs' suggestion that the method used by defendants in bringing the motion was somehow improper, the CPLR also expressly contemplates that, in a proper case, a motion may be initiated by an order to show cause served in lieu of a notice of motion (see CPLR 2214 [d]; see generally Siegel & Connors, NY Prac
§ 248 [6th ed 2018]). The Uniform Rules for Trial Courts further provide that a proper case to bring a motion by order to show cause includes one involving "genuine urgency" (22 NYCRR 202.8-d). As defendants also correctly assert, there was genuine urgency here—and plaintiffs do not contend otherwise—inasmuch as the notice of pendency was disrupting the sale of the property, preventing defendants from conveying good title to the third-party buyer, and delaying a scheduled closing. We thus conclude that the motion was not premature and that defendants properly sought, and the court properly signed, the order to show cause for the purpose of expediting disposition of the motion to dismiss (see CPLR 2214 [d]).
We also agree with defendants that, insofar as plaintiffs suggest that bringing a pre-answer motion to dismiss via order to show cause necessarily converts the motion into one for summary judgment, plaintiffs are incorrect. It is incontestable that a pre-answer motion to dismiss may be brought by order to show cause (see CPLR 2214 [d]; 3211 [a], [e]; 22 NYCRR 202.8-d). The case law relied upon by plaintiffs stands for the unremarkable proposition that a motion by a plaintiff to obtain the ultimate relief requested in the complaint is in the nature of summary judgment (see Matter of Estate of Jason v Herdman, 70 AD3d 1382, 1382 [4th Dept 2010]). That case law is inapposite here. Defendants' motion brought by order to show cause is undoubtably not one for summary judgment but, instead, in the nature of a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (5).
Plaintiffs next contend the court erred in granting the motion to dismiss based on res judicata because the present action raises "new legal issues" stemming from the judgment in the prior action, namely, boundary-line and title issues that could not have been anticipated during the prior action. We agree with defendants that plaintiffs' contention lacks merit.
Res judicata, i.e., claim preclusion, "bars the parties or their privies from relitigating issues that were or could have been raised in that action" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). "The doctrine 'encompasses the law of merger and bar'—it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated" (id.). "As such, claim preclusion [*2]serves to bar not only 'every matter which was offered and received to sustain or defeat the claim or demand,' but also 'any other admissible matter which might have been offered for that purpose' " (id.). "In other words, claim preclusion may 'foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit' " (id. at 73). "[U]nder New York's transactional analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Matter of Hunter, 4 NY3d 260, 269 [2005], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Consequently, "[t]o establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (Paramount Pictures Corp., 31 NY3d at 73).
Here, as plaintiffs concede, defendants indisputably established the first two conditions inasmuch as there is a final, unappealed judgment on the merits in the prior action that determined the parties' rights to the disputed area and the requisite identity among the parties. With respect to the third condition, we agree with defendants that plaintiffs' claims in the present action are sufficiently related to their claims in the prior action so as to preclude the present action under the doctrine of claim preclusion (see id. at 79). In the prior action, plaintiffs claimed that they owned the same disputed area that is the subject of the present action and that a portion of decedent's breakwall in the disputed area was a structure encroaching on their property. After that issue was fully litigated, the court rejected plaintiffs' claim and determined, instead, that decedent was the lawful owner of the disputed area, to which she was entitled to exclusive possession free and clear of any lien, claim, right, interest, or easement on the part of plaintiffs. The court also declared that plaintiffs had no claim or right over the disputed area and that they were forever barred from any and all claim to any estate or interest in the disputed area. Ignoring the preclusive language in the judgment, plaintiffs claim in the present action that they are entitled to either the "return" of disputed area owned by them or, alternatively, an easement by necessity over the disputed area. Thus, plaintiffs' claim to ownership or an easement over the disputed area in the present action arises out of the same transaction or occurrence, i.e., the dispute over the boundary line between the two adjacent properties.
Where, as here, "a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien, 54 NY2d at 357). Plaintiffs assert that their claim to ownership or an easement over the disputed area is premised on "new legal issues" arising from the determination of the boundary line in the prior action, namely, that the boundary line rendered a portion of their property inaccessible for maintenance and nonconforming under some unspecified setback ordinance. That, however, is just another way of saying that they disagree with the judgment in the prior action determining ownership of the disputed area and the location of the boundary line between the parties' properties. In other words, plaintiffs impermissibly seek to relitigate ownership of the disputed area and the propriety of the boundary line—which were conclusively and finally determined in the prior action—based upon different theories and by seeking a different remedy (see Parris v Oliva, 276 AD2d 762, 762 [2d Dept 2000]; Koether v Generalow, 213 AD2d 379, 380-381 [2d Dept 1995]; O'Connell v Hill, 179 AD2d 1057, 1057-1058 [4th Dept 1992]).
Moreover, contrary to plaintiffs' suggestion, the issues that plaintiffs seek to raise in the present action "could have been raised in the prior litigation" (Hunter, 4 NY3d at 269; see generally Incredible Invs. Ltd. v Grenga [appeal No. 2], 125 AD3d 1362, 1363 [4th Dept 2015]). Decedent's verified complaint in the prior action incorporated by reference an attached survey map of the disputed area depicting the boundary lines between the properties. Decedent claimed, among other things, that the boundary line between the properties as depicted in the survey map had been established by the requisite acquiescence of plaintiffs and their predecessors in interest under the doctrine of practical location. Thus, given decedent's claim and the location of the boundary line as depicted in the survey map, plaintiffs readily could have asserted that the claimed boundary line would infringe upon lawful access to their property or render their boathouse in violation of setback requirements in local zoning ordinances (see e.g. Paramount Pictures Corp., 31 NY3d at 79-80).
Based on the foregoing, we conclude that "[t]his is precisely the type of repetitive litigation the doctrine of claim preclusion is designed to avoid" (Matter of Reilly v Reid, 45 [*3]NY2d 24, 31 [1978]), and that the court properly dismissed the complaint based on the doctrine of claim preclusion (see Parris, 276 AD2d at 762; Koether, 213 AD2d at 380-381; O'Connell, 179 AD2d at 1057-1058).
Plaintiffs lastly contend that the court erred in granting that part of the motion seeking costs and expenses pursuant to CPLR 6514 (c) upon cancelling the notice of pendency. We reject that contention.
A court, in its discretion, "may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith" (CPLR 6514 [b]). Additionally, "[t]he court, in an order cancelling a notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action" (CPLR 6514 [c]). "[A] trial court is in the best position to determine those factors integral to fixing [attorneys'] fees . . . and, absent an abuse of discretion, the trial court's determination will not be disturbed" (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1290 [4th Dept 2014] [internal quotation marks omitted]; see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995 [2d Dept 2020]).
Here, "inasmuch as [claim preclusion] bars plaintiff[s'] suit, 'plaintiff[s] do[ ] not have a valid claim against [defendants,] and the notice of pendency was properly cancelled' " (Divito v Meegan, 156 AD3d 1408, 1410 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see CPLR 6514 [b]; Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465-466 [1st Dept 2010]; Maiorino v Galindo, 65 AD3d 525, 527 [2d Dept 2009]). We agree with defendants that, unlike the cases relied upon by plaintiffs, the filing of the notice of pendency here was wrongful inasmuch as the present action is plainly barred by claim preclusion and by the terms of the judgment (cf. GDG Realty, LLC, 187 AD3d at 995; DeCaro v East of E., LLC, 95 AD3d 1163, 1164 [2d Dept 2012]). Contrary to plaintiffs' suggestion, even a cursory review of well-settled law would have revealed that res judicata bars all other claims arising out of the same transaction or occurrences even where, as here, ostensibly new claims are based upon different theories or seek a different remedy (see e.g. Hunter, 4 NY3d at 269; O'Brien, 54 NY2d at 357). Consequently, the court properly cancelled the notice of pendency (see CPLR 6514 [b]; Divito, 156 AD3d at 1410) and was therefore afforded the discretion to award costs and expenses (see CPLR 6514 [c]).
Contrary to plaintiffs' related assertion, the record permits meaningful appellate review of the court's award, which is amply supported by the record. Defendants submitted their counsel's affirmation in support of their cost and expenses request along with a copy of the pre-bill time and rate table, which collectively explained and documented in detail the nature and date of the work performed, the billed hours for each task, and the hourly rates for counsel and an associate who performed the legal services. Although defendants requested $14,144 in attorneys' fees, the court exercised its discretion in awarding a reasonable lesser amount of $6,000 (see Meadowlands Portfolio, LLC v Manton, 118 AD3d 1439, 1441 [4th Dept 2014]; A & M Global Mgt. Corp., 115 AD3d at 1290; Matter of Dessauer, 96 AD3d 1560, 1560-1561 [4th Dept 2012]). Plaintiffs do not put forth any argument in their briefs on appeal that the amount awarded was unreasonable or excessive.
Based on the foregoing, we conclude that the court did not abuse its discretion in granting that part of defendants' motion for an award of costs and expenses pursuant to CPLR 6514 (c) (see Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC, 194 AD3d 803, 805 [2d Dept 2021]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court