Surfside Capital v Rodgers (2024 NY Slip Op 50849(U))

[*1]

Surfside Capital v Rodgers

2024 NY Slip Op 50849(U)

Decided on July 7, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2024
Supreme Court, Kings County

Surfside Capital, Plaintiff,

against
Charles A Rodgers DBA TOBACCO MARKET RODGERS RETAIL VENTURES, INC AND R & R RETAILERS, INC AND TOBACCO MARKET III, LLC AND TICKFAW 200 CHARITIES, INC AND RANKIN RENTAL PROPERTIES, LLC AND TOBACCO MARKET I, LLC AND CARS PROPERTIES, LLC AND CHARLES ANDREW RODGERS, Defendants.

Index No. 526479/2023

Aaron D. Maslow, J.

The following numbered papers were read in connection with this application to have an order to show cause signed: NYSCEF Doc Nos. 77-86.
This Court has been presented with a proposed order to show cause "why an Order should not be made herein Dismissing Plaintiff's Complaint, with prejudice, pursuant to CPLR § 3211 [a][2] for lack of subject matter jurisdiction and for such other and further relief as this Court may deem just and proper" (NYSCEF Doc No. 77, proposed order to show cause at 1-2). Although Defendants did not include a copy of the complaint, their memorandum of law describes the nature of the action:
Plaintiff, SURFSIDE CAPITAL, an assumed name for BIZFUND LLC, a foreign limited liability company formed under the laws of the State of DELAWARE, commenced this action to recover monies that Plaintiff alleges are owed to it pursuant to what Plaintiff alleges to be an agreement for the purchase and sale of future receivables. Business Defendants are formed in MISSISSIPPI and Individual Defendant is a resident of MISSISSIPPI. (NYSCEF Doc No. 79, def mem law ¶ 1.)
Defendants summarize their argument in support of their motion to dismiss the complaint [*2]for lack of subject matter jurisdiction:
The basis for the motion is simple: the Court lacks the requisite subject matter jurisdiction. Both Plaintiff and Defendants are foreign companies and residents. Therefore, Plaintiff must establish that this case fits within one of the categories set forth under BCL §1314(b). However, the instant matter does not fall under any of those categories. Accordingly, this Court lacks subject matter jurisdiction over the case and Plaintiff's Complaint should be dismissed. (Id. ¶ 2.)
"A motion is an application for an order. A motion on notice is made when a notice of the motion or an order to show cause is served." (CPLR 2211.) "The court in a proper case may grant an order to show cause, to be served in lieu of a notice of motion, at a time and in a manner specified therein." (Id. 2214 [d].) The Uniform Civil Rules for the Supreme Court and the County Court elaborate further on when an order to show cause is appropriate for the making of a motion: "Motions shall be brought on by order to show cause only when there is genuine urgency (e.g., applications for provisional relief), a stay is required or a statute mandates so proceeding" (22 NYCRR § 202.8-d).
Was it appropriate for Defendants to make a motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction via a proposed order to show cause?
The CPLR Commentaries state:
In Cook v. Estate of Achzet, 214 AD3d 1369, 183 N.Y.S.3d 881 (4th Dep't 2023), defendants moved by order to show cause under CPLR 6514 (a) and (b) to, among other things, cancel the notice of pendency filed by plaintiff. The Fourth Department ruled that the "genuine urgency" standard was satisfied "inasmuch as the notice of pendency was disrupting the sale of the property, preventing defendants from conveying good title to the third-party buyer, and delaying a scheduled closing." Id. at 1372, 183 N.Y.S.3d at 883.
The order to show cause also sought dismissal of the complaint under CPLR 3211(a)(5) on the grounds of res judicata and collateral estoppel. Plaintiff argued that it was improper to make a CPLR 3211(a) pre-answer motion to dismiss by order to show cause. The Fourth Department rejected this argument, observing that "[i]t is incontestable that a pre-answer motion to dismiss may be brought by order to show cause" and that plaintiff's contentions amounted to "an affront to rudimentary precepts of civil practice." Id. at 1371, 1372, 183 N.Y.S.3d at 883. Therefore, the court ruled that supreme court properly signed the order to show cause.
(Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2214:25.)
They also state:
"[U]nder the new rule, a party moving by order to show cause should attempt to state one of the three grounds listed in Uniform Rule 202.8-d. If that is not possible, the language in CPLR 2214(d) should rule the day and if a party can demonstrate that the application presents "a proper case," the court should grant the order to show cause. See Travis v. NY [*3]State Dep't of Env't Conservation, 185 AD2d 714, 715, 585 N.Y.S.2d 929, 930 (4th Dep't 1992) ("[T]o the extent that the [Uniform Rules] ... are inconsistent with or are in direct conflict with the applicable statutory provisions, those rules should not be accorded any weight."). (Id.)
Clearly, Defendants have not met the standard set forth in the Uniform Civil Rules for the Supreme Court and the County Court. The affidavit in support of the proposed order to show cause fails to demonstrate why making the motion to dismiss the complaint for lack of subject matter jurisdiction is a matter of genuine urgency (see NYSCEF Doc No. 78, Dale aff). Neither does the Defendants' memorandum of law (see NYSCEF Doc No. 79, def mem law). The memorandum of law merely argues that since Plaintiff is an assumed name for a Delaware limited liability company, Defendants were neither registered nor authorized to do business in New York, nor ever did business in New York, and the alleged agreement was signed in Mississippi, the Court lacks subject matter jurisdiction (see id. ¶ 3). Defendants argue more specifically:
BCL § 1314 governs actions or proceedings against foreign corporations and specifies what actions the Court has subject-matter jurisdiction over. Here, as plaintiff and defendants are foreign companies and residents, BCL § 1314(b), rather than BCL § 1314(a) which is applicable only to residents or domestic corporations of this state, governs, and the action must fall within one of the categories listed under BCL § 1314(b) or within the statutory exception to BCL § 1314 found in GOL § 5-1402. (Id. ¶ 6.)
"Here, BCL §1314(b) applies. BCL §1314(b) does not afford subject-matter jurisdiction to this Court as the instant matter does not fall under any of the aforementioned categories" (id. ¶ 13).
Moreover, the proposed order to show cause does not contain a stay and neither is it brought under a statute which requires the court to specify the means of service ("on such notice as the court may direct").
Provisions like that are common for motions seeking to vacate a judgment, see CPLR 5015(a) (allowing a court to vacate an order or judgment on motion "with such notice as the court may direct"); Siegel & Connors, New York Practice, § 426 (6th ed. 2018), or in regard to its enforcement. See CPLR 5240 (allowing the court to modify or limit any enforcement procedure on motionmade "upon such notice as it may require"); Siegel & Connors, New York Practice, § 522 (6th ed. 2018). These statutory provisions recognize that much time may have passed since the judgment was rendered, creating doubt as to whether the parties still have the same attorneys. The show cause procedure enables the court to direct notice appropriate to the time and occasion. (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2214:25.)
Another instance when an order to show cause is suitable because the court must direct the means of service is when an attorney seeks to be relieved of representing a party (see CPLR 321 [b] [2]). That is not the situation here.
Defendants not having met the standards of the court rules for making this motion by order to show cause, the residual provisions of CPLR 2214 (d) ("a proper case") must be met in [*4]order for the Court to sign the proposed order to show cause. The issue presented here of subject matter jurisdiction is one which is recurring in actions alleging breach of a merchant cash advance contract (e.g. Kapitus Servicing, Inc. v Point Blank Construction, Inc., 221 AD3d 532 [1st Dept 2023]; Fundfi Merchant Funding, LLC v BKT High Quality Healthcare Agency LLC, 2024 NY Slip Op 24006 [Sup Ct, Kings County 2024]; Parkview Advance LLC v High Purity Natural Products, LLC, 2023 NY Slip Op 32976[U] [Sup Ct, Kings County 2023]; Pearl Beta Funding, LLC v Elegant Trio Colors Corp, 2023 NY Slip Op 31936[U] [Sup Ct, Queens County 2023]; Harper Advance v Chance Reynolds Trucking LLC, 2023 NY Slip Op 31191[U] [Sup Ct, Kings County 2023]). In other words, the issue is not unique to the instant action and, therefore, one not compelling a practically instantaneous determination.
In the context of this particular action, the Court finds no basis for proceeding to determine an issue regarding subject matter jurisdiction by way of order to show cause. There are no exigent circumstances present which would require the Court to place this motion ahead of others — brought on by notice of motion — waiting for disposition. Unlike in Cook v Estate of Achzet (214 AD3d 1369), the instant action does not present an impediment to a sale of property. The action here is relatively new, having been commenced last year. Even if it were older, that would not render bringing a motion on by order to show cause proper (see Lomtevas v The City of New York, 2022 NY Slip Op 31771[U] [Sup Ct, NY County 2022] [four year-old case; "Nevertheless, the court finds that this motion should not have been made via OTSC, and the court reminds all parties, including plaintiff, that proper procedure must be followed when making court filings."]).
This Court's motion calendar contains motions scheduled into September. Routinely every Friday, more than 50 motions are on the calendar. It is evident that the court system has still not caught up with the motion backlog resulting from the COVID-19 pandemic. Motions made two years ago still come up for determination. In an ideal situation, motions brought on by notice of motion would be placed on a judge's calendar for the date set forth in the notice of motion or the next available motion date but unfortunately this is not presently possible. Defendants should have realized this and moved by way of notice of motion. This motion is not "a proper case" for an expeditious determination through an order to show cause (CPLR 2214 [d]).
Apropos Defendants' motion, it is worth quoting from a decision discussing orders to show cause of a long time ago:
Without going into the merits of the plaintiff's application, it is sufficient to say that no case of an immediately pressing character is made. . . .
Nor are orders to show cause matters of course. They imply, when granted, at least a partial expression of opinion, which should always be avoided, if practicable. . . .
[T]he power, it is obvious, was intended to be confined to exceptional cases, and not to be exercised indiscriminately on all occasions, many of them not of urgency, but only of urgent parties.
(Androvette v Bowne, 15 How Prac 75 [Sup Ct, NY County 1857]).
"Consequently, insofar as this application is not exigent, it would have been more appropriately filed by notice of motion" (Corso v OTF Studios, LLC, 2021 WL 4815624, *3 [Sup Ct, NY County, Sept. 30, 2021, No. 655363/20]).
This Court declines to sign the proposed order to show cause.
Dated: July 7, 2024
Brooklyn, New York,
AARON D. MASLOW
Justice of the Supreme Court of the State of New York