In an action for a divorce and ancillary relief, (1) the plaintiff and the third-party defendants appeal from a decision of the Supreme Court, Suffolk County (Garguilo, J.), dated December 2, 2011, made after a nonjury trial, (2) the third-party defendants appeal from a judgment of the same court entered February 9, 2012, which, upon the decision, is in favor of the defendant third-party plaintiff and against them, imposing a constructive trust upon certain real property in the sum of $58,500, and (3) the plaintiff and the third-party defendants appeal, as limited by their brief, from stated portions of an order of the same court dated April 12, 2012, which, inter alia, denied that branch of the third-party defendants’ motion which was for an award of costs, disbursements, and a reasonable attorney’s fee.
Ordered that the appeals from the decision dated December 2, 2011, are dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the appeal by the plaintiff from the order dated April 12, 2012, is dismissed, as she is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
*907 Ordered that the judgment is affirmed; and it is further,
Ordered that the order dated April 12, 2012, is affirmed insofar as appealed from by the third-party defendants; and it is further,
Ordered that one bill of costs is awarded to the defendant third-party plaintiff.
Donald E. Henn, Jr., was, at all relevant times, the son-in-law of Samuel J. Raffa and Patricia Raffa (hereinafter together the Rafias). Henn was married to the Rafias’ daughter, Caroline P Tyree, and the couple lived together with Tyree’s four children in a house that they had been renting. Henn and Tyree wanted to purchase a house for themselves, but they did not have enough money and they were unable to obtain a mortgage. The Rafias offered to help. The Rafias contributed some of their own money to certain sums contributed individually by Henn and Tyree, and purchased a residential property (hereinafter the subject premises) solely in the Rafias’ name. The Rafias purchased the subject premises so that Henn, and Tyree and her four children, could live there as a family. Shortly thereafter, however, Henn and Tyree separated. Henn never resided in the subject premises.
Tyree commenced this action for a divorce and ancillary relief, and Henn commenced a third-party action against the Rafias seeking to impose a constructive trust upon the subject premises in the sum of $58,500, the amount that he allegedly contributed to its purchase. In a judgment entered February 9, 2012, after a nonjury trial, the Supreme Court imposed a constructive trust upon the premises in the sum of $58,500. The Rafias appeal.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Marini v Lombardo, 79 AD3d 932, 933 [2010]).
“A constructive trust is an equitable remedy and its purpose is to prevent unjust enrichment” (Marini v Lombardo, 79 AD3d at 933 [citation omitted]; see Henning v Henning, 103 AD3d 778, 779-780 [2013]). To obtain the remedy of a constructive trust, a party generally is required to demonstrate four factors: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise (see McGrath v Hilding, 41 NY2d 625, 629 [1977]; Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Ewart v Ewart, 78 AD3d 992, 993 [2010]). However, these fac *908 tors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Henning v Henning, 103 AD3d at 780; Marini v Lombardo, 79 AD3d at 933; see also Rocchio v Biondi, 40 AD3d 615, 616 [2007]).
Here, the Supreme Court correctly found that the first element relevant to imposing a constructive trust was satisfied, as Henn and the Raffas were related through marriage and they pooled their resources to purchase the subject premises (see Marini v Lombardo, 79 AD3d at 933-934; Reiner v Reiner, 100 AD2d 872, 874 [1984]; cf. Henning v Henning, 103 AD3d at 780; Squiciarino v Squiciarino, 35 AD3d 844, 845 [2006]). Henn satisfied the second element by demonstrating that the Raffas implicitly promised to convey the premises to him and Tyree (cf. Reiner v Reiner, 100 AD2d at 873-874; cf. also Henning v Henning, 103 AD3d at 780; Marini v Lombardo, 79 AD3d at 934). He satisfied the third element, which requires a showing that he acted in reliance on the promise, by establishing that he gave $58,500 to Samuel J. Raffa, and that Samuel J. Raffa used that money to purchase the premises (cf. Henning v Henning, 103 AD3d at 780; Marini v Lombardo, 79 AD3d at 934). As for the fourth element, which requires a showing of unjust enrichment flowing from the breach of the promise, the evidence adduced at trial established that Henn never moved into the premises or acquired a legal interest therein. To the contrary, he and Tyree separated the very month that the premises were acquired by the Raffas, and Tyree commenced this divorce action just a few months later. The Raffas remained the sole owners of the premises, and they did not return Henn’s $58,500. In view of this evidence, there is no basis upon which to disturb the Supreme Court’s determination (see Mei Yun Chen v Mei Wan Kao, 97 AD3d 730 [2012]; Byrd v Brown, 208 AD2d 582 [1994]).
Contrary to the Raffas’ contention, the Supreme Court correctly determined that, under the circumstances here, there was no need for an accounting (cf. A.G. Homes, LLC v Gerstein, 52 AD3d 546, 548-549 [2008]).
The Raffas’ remaining contentions are without merit. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur.