Creamer v DaCruz (2020 NY Slip Op 03642)





Creamer v DaCruz


2020 NY Slip Op 03642


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-05209
2019-07559
 (Index No. 14358/14)

[*1]Virginia Creamer, et al., respondents,
v
Renee Monique DaCruz, etc., appellant.


Muchmore & Associates PLLC, Brooklyn, NY (Andrew Muchmore of counsel), for appellant.
Salzman & Salzman, LLP, New York, NY (Robert Salzman of counsel), for respondents.



DECISION & ORDER
In an action to impose a constructive trust upon certain real property, the defendant appeals from (1) a decision of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 29, 2019, and (2) a judgment of the same court dated April 30, 2019. The judgment, insofar as appealed from, upon the decision, made after a nonjury trial, is in favor of the plaintiffs and against the defendant, declaring void ab initio a certain deed and imposing a constructive trust on the subject property.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In October 2014, the plaintiffs commenced this action against the defendant seeking to impose a constructive trust on certain real property located in Brooklyn. Following a nonjury trial, the Supreme Court found in favor of the plaintiffs and, inter alia, declared void ab initio a deed dated January 27, 2010, and imposed a constructive trust on the subject property. The defendant appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (Tyree v Henn, 109 AD3d 906, 907; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644). Here, the Supreme Court's determination to impose a constructive trust on the subject property was warranted by the facts.
"Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial [*2]interest" (Sharp v Kosmalski, 40 NY2d 119, 121 [internal quotation marks and brackets omitted]; see Ning Xiang Liu v Al Ming Chen, 133 AD3d at 644). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Ning Xiang Liu v Al Ming Chen, 133 AD3d at 644 [internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d at 121). Here, the evidence adduced at trial established the necessary elements for the imposition of a constructive trust.
The defendant's remaining contentions are without merit.
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court