Fakiris v Fakiris (2021 NY Slip Op 01756)





Fakiris v Fakiris


2021 NY Slip Op 01756


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-04213
 (Index No. 9839/15)

[*1]Marina P. Fakiris, appellant,
v
Petroula Fakiris, respondent.


Gleich, Farkas & Emouna LLP, Great Neck, NY (Lawrence W. Farkas of counsel), for appellant.
Tzortzatos Law PLLC, Bayside, NY (Dimitra Tzortzatos of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated February 6, 2019. The order granted that branch of the defendant's motion which was for summary judgment on her counterclaim for the imposition of a constructive trust upon the subject property and denied the plaintiff's cross motion, inter alia, for summary judgment declaring that the parties hold title to the subject property as joint tenants with a right of survivorship.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment on her counterclaim for the imposition of a constructive trust upon the subject property, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In August 2015, the plaintiff, who is the defendant's daughter, commenced this action, inter alia, for the partition and sale of real property located in Queens. The defendant thereafter moved, inter alia, for summary judgment on her counterclaim for the imposition of a constructive trust upon the subject property, and the plaintiff cross-moved, among other things, for summary judgment declaring that the parties hold title to the subject property as joint tenants with a right of survivorship. The Supreme Court granted that branch of the defendant's motion which was for summary judgment on her counterclaim for the imposition of a constructive trust upon the subject property and denied the plaintiff's cross motion. The plaintiff appeals.
"'Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Creamer v DaCruz, 185 AD3d 547, 547, quoting Sharp v Kosmalski, 40 NY2d 119, 121). "'The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment'" (Creamer v DaCruz, 185 AD3d at 548, quoting Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644). "[T]he relationship between a parent and child will support the imposition of a constructive trust" (Djamoos v Djamoos, 153 AD2d 871, 871).
Here, the defendant established, prima facie, the elements of a constructive trust. There is no dispute that the parties were in a confidential relationship as mother and daughter (see Diaz v Diaz, 130 AD3d 560, 561; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 692; Marini v Lombardo, 79 AD3d 932, 933; Djamoos v Djamoos, 153 AD2d at 871). Furthermore, the defendant demonstrated, prima facie, that she paid virtually all of the costs related to the subject property, including the down payment, renovations, and maintenance and upkeep, and gave the plaintiff her interest in the subject property based on the plaintiff's promise that she would care for the defendant in the future (see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176, 1184; Diaz v Diaz, 130 AD3d at 561; Quadrozzi v Estate of Quadrozzi, 99 AD3d at 692; Marini v Lombardo, 79 AD3d at 933).
However, in opposition, the plaintiff raised triable issues of fact as to whether the defendant gifted the plaintiff an interest in the subject property based on the plaintiff's actions in caring for the defendant and the maternal grandparents in the past or whether the plaintiff's interest was in consideration for a promise that the plaintiff would care for the defendant in the future. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment on her counterclaim for the imposition of a constructive trust upon the subject property (see Matter of Katz, 154 AD3d 687, 689; Shasho v Kleiner, 138 AD3d 973, 974).
Contrary to the plaintiff's contentions, these triable issues of fact also warrant denial of her cross motion. Accordingly, the Supreme Court properly denied the plaintiff's cross motion, among other things, for summary judgment declaring that the parties hold title to the subject property as joint tenants with a right of survivorship.
The parties' remaining contentions are without merit.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court