Minzer v Rauch (2022 NY Slip Op 03720)

Minzer v Rauch

2022 NY Slip Op 03720

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-04434
 (Index No. 507094/20)

[*1]Ruchel Minzer, et al., respondents, 
v
Deborah Rauch Minzer, etc., et al., defendants, Shlomo Noble, appellant.

Offit Kurman, New York, NY (Franklyn H. Snitow of counsel), for appellant.
Law Office of Susie Chovev Esq., PLLC, Woodmere, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property and to recover damages for unjust enrichment, the defendant Shlomo Noble appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 29, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining the defendant Shlomo Noble from selling, transferring, or encumbering the real property located at 4701 Fort Hamilton Parkway in Brooklyn, denied those branches of the cross motion of the defendant Shlomo Noble which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency filed against the real property located at 4701 Fort Hamilton Parkway in Brooklyn, and denied the application of the defendant Shlomo Noble for an undertaking.
ORDERED that the appeal from so much of the order as denied the application of the defendant Shlomo Noble for an undertaking is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining the defendant Shlomo Noble from selling, transferring, or encumbering the real property located at 4701 Fort Hamilton Parkway in Brooklyn, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Shlomo Noble.
In October 2018, the plaintiff 4701 Ft. Hamilton Parkway, LLC (hereinafter the LLC), entered into a contract with the defendant Shlomo Noble for the sale of real property located at 4701 Fort Hamilton Parkway in Brooklyn (hereinafter the subject property). The sale closed on November 28, 2018, and the LLC deeded the subject property to Noble the same day. In April 2020, the LLC and the plaintiff Ruchel Minzer (hereinafter Ruchel), the sole member of the LLC, commenced this action, inter alia, to impose a constructive trust on the subject property and to recover damages for unjust enrichment. The plaintiffs alleged that Noble held title to the subject property as nominee for [*2]the LLC, but he thereafter failed to reconvey it to the LLC and had entered into a contract to sell the subject property to a third party.
At the time they commenced this action, the plaintiffs also filed a notice of pendency against the subject property and moved, inter alia, in effect, for a preliminary injunction enjoining Noble from selling, transferring, or encumbering the subject property. Noble opposed the motion and cross-moved, among other things, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency filed against the subject property, contending, inter alia, that Ruchel lacked standing to maintain this action. In an order dated May 29, 2020, the Supreme Court, among other things, granted that branch of the plaintiffs' motion which was, in effect, for a preliminary injunction enjoining Noble from selling, transferring, or encumbering the subject property and denied those branches of Noble's cross motion which were to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency. The court also denied an application by Noble to condition the preliminary injunction on the plaintiffs' posting of an undertaking. Noble appeals.
"To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d 1165, 1166-1167 [internal quotation marks omitted]; see GG Acquisitions, LLC v Mount Olive Baptist Church of Manhasset, 178 AD3d 1023, 1024). However, where, as here, "the denial of a preliminary injunction would disturb the status quo and render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be reduced" (Congregation Erech Shai Bais Yosef, Inc. v Werzberger, 189 AD3d at 1167 [internal quotation marks omitted]). Although "the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894).
Here, the plaintiffs failed to demonstrate a likelihood of success on the merits on the causes of action sounding in unjust enrichment and constructive trust. "Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142; see Fernandez v Abatayo, 172 AD3d 821, 822; ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 689-690; Cortazar v Tomasino, 150 AD3d 668, 670). Here, Noble and the LLC entered into a contract for the sale of the subject property. Accordingly, the plaintiffs failed to establish a likelihood of success on the merits on the unjust enrichment cause of action.
"The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Fakiris v Fakiris, 192 AD3d 993, 994 [internal quotation marks omitted]; see Bekas v Valiotis, 191 AD3d 937, 938). "However, these factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established" (Tyree v Henn, 109 AD3d 906, 907-908; see Sanxhaku v Margetis, 151 AD3d 778, 779). Here, the plaintiffs failed to demonstrate a likelihood of success on the merits on the element of unjust enrichment (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 142; Fernandez v Abatayo, 172 AD3d at 822). In addition, they failed to demonstrate a likelihood of success on the merits on the elements of an express or implied promise and a transfer in reliance on that promise. Although the plaintiffs alleged that Noble promised to reconvey the subject property to the LLC after obtaining a mortgage, that alleged promise was not contained in the contract of sale, which included a merger and integration clause whereby the LLC agreed that the contract fully expressed the parties' agreement (see Moloney v Weingarten, 118 AD2d 836, 837).
Since the plaintiffs failed to demonstrate a likelihood of success on the merits, the Supreme Court should have denied that branch of their motion which was, in effect, for a preliminary injunction enjoining Noble from selling, transferring, or encumbering the subject property (see Doe [*3]v Axelrod, 73 NY2d 748, 751; Schlossberg v DeFalco, 163 AD3d 886, 888).
The Supreme Court, however, properly denied that branch of Noble's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that documentary evidence established that Ruchel did not have standing. "A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Hall v Hobbick, 192 AD3d 776, 777 [internal quotation marks omitted]; see Berkovits v Berkovits, 190 AD3d 911, 915; Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328). The documents submitted by Noble in support of his cross motion established that Ruchel was not a member of the LLC at the time the subject property was sold and conveyed, but they did not utterly refute the allegation that she was a member of the LLC at the time this action was commenced. In addition, the plaintiffs submitted an amendment to the LLC's operating agreement dated March 13, 2019, establishing that Ruchel became a member of the LLC as of that date.
The Supreme Court also properly denied that branch of Noble's cross motion which was to cancel the notice of pendency filed against the subject property. A notice of pendency may be filed only when "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). Here, the complaint alleged a cause of action to impose a constructive trust on the subject property, and an action to impose a constructive trust over real property qualifies as one in which the filing of a notice of pendency is allowed (see Nastasi v Nastasi, 26 AD3d 32, 36). Since the court properly denied that branch of Noble's cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him, the cause of action sounding in constructive trust remains pending, and the court properly denied that branch of Noble's cross motion which was to cancel the notice of pendency (see Nastasi v Nastasi, 26 AD3d at 39; cf. Divito v Meegan, 156 AD3d 1408, 1410; Maiorino v Galindo, 65 AD3d 525, 527).
The parties' remaining contentions are either without merit or academic in light of our determination.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court