Berry v Wallerstein (2023 NY Slip Op 04440)

Berry v Wallerstein

2023 NY Slip Op 04440

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-03178
 (Index No. 500735/21)

[*1]Brian J. Berry, respondent, 
v
Shmuel Wallerstein, et al., appellants.

Tuttle Yick, LLP, New York, NY (Peter C. Dee and Gregory O. Tuttle of counsel), for appellants.
Abrams Fensterman, LLP (Robert A. Spolzino, Mark Goreczny, and Schwartz Sladkus Reich Greenberg Atlas, LLP, New York, NY [Andrea J. Caruso], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 13, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the causes of action to impose a constructive trust and for an accounting, and pursuant to CPLR 6501 and 6514 to cancel a notice of pendency.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and to impose a constructive trust on certain real properties located on Clarkson Avenue and Lenox Road in Brooklyn. The plaintiff also filed a notice of pendency against the subject properties. The plaintiff alleges, inter alia, that he entered into an agreement with the defendant Shmuel Wallerstein, pursuant to which the plaintiff and Wallerstein, with outside investing, would purchase the properties through corporate entities, including the defendant Fort Knox Realty, LLC. The plaintiff alleges that as part of their agreement, in return for the plaintiff finding these properties and providing brokerage and other services, he would receive a 5% ownership interest in the properties located on Clarkson Avenue and a 50% ownership interest in the property located on Lenox Road. The plaintiff further alleges that, after the properties were acquired, Wallerstein transferred ownership of the properties on Clarkson Avenue to the defendant Clarkson Lefferts Gardens, LLC, without the plaintiff's knowledge or consent, and that Fort Knox Realty, LLC, retained ownership [*2]of the Lenox Road property.
The defendants moved pursuant to CPLR 3211(a) to dismiss the causes of action to impose a constructive trust and for an accounting, and pursuant to CPLR 6501 and 6514 to cancel the notice of pendency. The plaintiff opposed the motion. In an order dated April 13, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"'[A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him [or her] into a trustee'" (Bekas v Valiotis, 191 AD3d 937, 938, quoting Simonds v Simonds, 45 NY2d 233, 241 [internal quotation marks omitted]). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Minzer v Minzer, 206 AD3d 721, 724 [internal quotation marks omitted]; see Fakiris v Fakiris, 192 AD3d 993, 994). "'However, these factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established'" (Minzer v Minzer, 206 AD3d at 724, quoting Tyree v Henn, 109 AD3d 906, 907-908).
Here, the plaintiff sufficiently alleged a fiduciary or confidential relationship with Wallerstein by virtue of their longstanding business relationship in which they partnered in the purchase of at least twelve other properties, often without any formal written agreement (see Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039; see also Mei Yun Chen v Mei Wan Kao, 97 AD3d 730). In addition, the plaintiff's allegations that he contributed his time and efforts to finding and purchasing the subject properties in reliance on the agreement that he would own an interest in the properties were sufficient to allege a "transfer in reliance" on Wallerstein's promise (see Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d at 1040; Ruiz v Meloney, 26 AD3d 485, 486; Matter of Bayside Controls, 295 AD2d 343, 345-346). Thus, the plaintiff sufficiently alleged a cause of action to impose a constructive trust.
Contrary to the defendants' contention, the Supreme Court did not err in failing to dismiss the cause of action to impose a constructive trust as duplicative of the breach of contract cause of action. As the existence and enforceability of the contract at this stage are in dispute, the plaintiff may allege a cause of action to impose a constructive trust as an alternative theory of relief (see First Class Concrete Corp. v Rosenblum, 167 AD3d 989, 990; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 674; Auguston v Spry, 282 AD2d 489, 491).
In addition, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the second and third causes of action, which sought an accounting (see Berkovits v Berkovits, 190 AD3d 911, 918).
The Supreme Court also properly denied that branch of the defendants' motion which was to cancel the notice of pendency filed against the subject properties. "A notice of pendency may be filed only 'when the judgment demanded would affect the title to, or the possession, use or enjoyment of real property'" (Minzer v Minzer, 206 AD3d at 725, quoting CPLR 6501). Here, the complaint adequately alleged a cause of action to impose a constructive trust on the subject properties. An action to impose a constructive trust over real property qualifies as one in which the filing of a notice of pendency is permitted (see Minzer v Minzer, 206 AD3d at 725; Mazzei v Kyriacou, 98 AD3d 1088, 1090; Nastasi v Nastasi, 26 AD3d 32, 36).
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court