Ali v Rahaman (2024 NY Slip Op 00751)

Ali v Rahaman

2024 NY Slip Op 00751

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-08699
 (Index No. 11078/12)

[*1]Aisha Ali, respondent, 
v
Shaheed Rahaman, et al., appellants.

Clover Barrett & Associates, P.C., Brooklyn, NY (Clover M. Barrett of counsel), for appellants.
Davis Ndanusa Ikhlas & Saleem LLP, Brooklyn, NY (Tarik Davis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendants appeal from a judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 2, 2020. The judgment, upon a decision of the same court dated September 13, 2019, made after a nonjury trial, among other things, imposed a constructive trust in favor of the plaintiff on certain real property.
ORDERED that the judgment is affirmed, with costs.
In May 2012, the plaintiff commenced this action against the defendants, inter alia, to impose a constructive trust on certain real property in Brooklyn (hereinafter the property). The plaintiff alleged, among other things, that she had entered into an agreement with the defendant Shaheed Rahaman (hereinafter Shaheed), who was married to the plaintiff's sister, Azina, that the plaintiff would be a one-half owner of the property despite not being listed as a titled owner. The plaintiff further alleged that she paid one half of the expenses on the property. After Azina passed away and Shaheed married the defendant Nadara Ali Rahaman (hereinafter Nadara), Shaheed transferred one half of the legal ownership of the property to Nadara without the plaintiff's knowledge, and the defendants allegedly refused to acknowledge the plaintiff's one-half ownership of the property.
In a decision dated September 13, 2019, made after a nonjury trial, the Supreme Court found, inter alia, that the plaintiff established the requisite elements of a constructive trust by clear and convincing evidence. On September 2, 2020, the court entered a judgment in favor of the plaintiff and against the defendants, among other things, imposing a constructive trust on the property. The defendants appeal.
"'In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses'" (Creamer v DaCruz, 185 AD3d 547, 547, quoting Tyree v Henn, 109 AD3d 906, 907). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Reingold v Bowins, 180 AD3d 722, 723 [internal quotation marks omitted]; see Diaz v Diaz, 130 AD3d 560, 562).
Generally, the imposition of a constructive trust is appropriate "when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Sharp v Kosmalski, 40 NY2d 119, 121 [internal quotation marks and brackets omitted]; see Creamer v DaCruz, 185 AD3d at 547-548). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (Diaz v Diaz, 130 AD3d 560, 561; see Sharp v Kosmalski, 40 NY2d at 121). "A party must establish the elements of a constructive trust by clear and convincing evidence" (Diaz v Diaz, 130 AD3d at 561).
Here, in light of the evidence presented at trial, and affording the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determination that the plaintiff established the necessary elements for the imposition of a constructive trust by clear and convincing evidence (see Reingold v Bowins, 180 AD3d at 724; Pyros v Dengel, 35 AD3d 424, 425). Contrary to the defendants' contention, the court's findings that the plaintiff transferred funds in reliance on a promise for the plaintiff to be a one-half owner of the property, and that the defendants were unjustly enriched therefrom, were supported by evidence elicited at trial, including that the plaintiff made payments towards, among other things, the mortgage debt, property taxes, and maintenance costs for the property for over 30 years (see Hernandez v Florian, 173 AD3d 1144, 1145).
The defendants' remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly entered judgment in favor of the plaintiff and against the defendants, inter alia, imposing a constructive trust on the property.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court