Curto v Curto (2025 NY Slip Op 00647)

Curto v Curto

2025 NY Slip Op 00647

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-07534
 (Index No. 607963/20)

[*1]Andrew E. Curto, appellant, 
v
Lara Curto, et al., respondents.

Scott Lockwood, Deer Park, NY, for appellant.
Golden Hirschhorn, LLP, Garden City, NY (Lisa M. Golden of counsel), for respondents Lara Curto and Wythe Properties, LLC.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Brett A. Scher, Kari Olszewski, and Jonathan Isaacson of counsel), for respondent Socrates Scott L. Nicholas in his individual capacity.
Kurzman Eisenberg Corbin & Lever LLP, White Plains, NY (John C. Re of counsel), for respondents Socrates Scott. L. Nicholas, as executor of the estate of Mario Fichera and as trustee of the testamentary trust of Mario Fichera, and Maria Iacovou, also known as Maro Iacovou, as trustee of the testamentary trust of Mario Fichera.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for an accounting, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated October 1, 2021. The order granted (1) the motion of the defendant Socrates Scott L. Nicholas pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him in his individual capacity, (2) the motion of the defendants Socrates Scott L. Nicholas, as executor of the estate of Mario Fichera and as trustee of the testamentary trust of Mario Fichera, and Maria Iacovou, also known as Maro Iacovou, as trustee of the testamentary trust of Mario Fichera, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and (3) that branch of the motion of the defendants Lara Curto and Wythe Properties, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff sought, among other things, to recover 50% of the interest of the defendant Lara Curto (hereinafter Lara) in a real estate development project (hereinafter the 373 Wythe project), which she inherited upon the death of her father, Mario Fichera, on March 1, 2019, pursuant to a will that Fichera executed on June 6, 2018 (hereinafter the will). The plaintiff claims that he is entitled to 50% of Lara's interest in the 373 Wythe project pursuant to a stipulation of settlement dated August 7, 2014, entered in an action for a divorce between the plaintiff and Lara. The stipulation of settlement provided, in pertinent part: "In the event WIFE receives distributions, income, or other monetary contribution subsequent to the execution of this Agreement that was a [*2]result of her having a beneficial ownership of [the 373 Wythe] project during the marriage, then HUSBAND shall be entitled to receive 50% of the said monetary contribution." The plaintiff and Lara were divorced by a judgment of divorce entered May 29, 2015.
The instant action was commenced on August 5, 2020. The complaint alleged that Lara worked for a family business, Visual Display, Inc., from 2004 until 2009 for "a mere fraction of what she was capable of earning" in exchange for a promise from Fichera that she would receive an interest in the 373 Wythe project. The 373 Wythe project refers to the construction of an apartment building between 2008 and 2012.
The defendant Socrates Scott L. Nicholas moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him in his individual capacity. Nicholas, as executor of Fichera's estate and as trustee of Fichera's testamentary trust, and the defendant Maria Iacovou, also known as Maro Iacovou, as trustee of Fichera's testamentary trust, moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Lara and the defendant Wythe Properties, LLC, moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated October 1, 2021, the Supreme Court granted (1) Nicholas's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him in his individual capacity, (2) the motion of Nicholas, as executor of Fichera's estate and as trustee of Fichera's testamentary trust, and Iacovou, as trustee of Fichera's testamentary trust, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and (3) that branch of the motion of Lara and Wythe Properties, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff appeals.
"'In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911, quoting Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). "'However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true'" (Dubon v Drexel, 195 AD3d 991, 993, quoting Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022).
"'Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Bono v Stim & Warmuth, P.C., 215 AD3d at 912, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716 [internal quotation marks omitted]).
The gravamen of the causes of action is that Lara acquired a "beneficial interest" in the 373 Wythe project during the marriage. As noted by the plaintiff, a beneficial interest is defined as "[a] right or expecta[tion] in something (such as a trust or estate), as opposed to legal title to that thing. For example, a person with a beneficial interest in a trust receives income from the trust but does not hold legal title to the trust property" (Black's Law Dictionary 934 [10th ed 2014]). The alleged beneficial interest was Lara's inheritance pursuant to the will, which was executed in 2018 after the relevant events relating to the marriage and the divorce of the plaintiff and Lara. A promise to "make a testamentary provision of any kind" is not enforceable unless it is in writing (EPTL 13-2.1[a][2]), and there is no such writing alleged herein (see Pare v Aalbue, 222 AD3d 769, 772).
In any event, the fact that Fichera provided for Lara in the will did not give her an interest in his property until his death. "[A] will is ambulatory in nature and is ordinarily revocable during the life of the testator. Even after due execution of a will, testators also retain unfettered authority to dispose of all property during their lifetimes" (Blackmon v Estate of Battcock, 78 NY2d [*3]735, 739 [citations omitted]). Therefore, the fact that Fichera made a bequest to Lara in his will did not provide her a beneficial interest in his property while he was alive.
The plaintiff further contends that Lara obtained an "enforceable interest" in the 373 Wythe project through a constructive trust. "Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Sharp v Kosmalski, 40 NY2d 119, 121, quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386). "'The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment'" (Berry v Wallerstein, 219 AD3d 924, 925, quoting Minzer v Minzer, 206 AD3d 721, 724 [internal quotation marks omitted]).
The plaintiff asserts that Lara acquired a beneficial interest in the 373 Wythe project during the marriage since she had a fiduciary relationship with Fichera, who promised her an interest in the 373 Wythe project, and in reliance upon that promise she worked for Visual Display, Inc., for less than she could have earned somewhere else, resulting in Fichera's unjust enrichment. However, the complaint does not assert that Lara worked for Visual Display, Inc., for a salary that was less than what would have been reasonable compensation for the work she did at Visual Display, Inc., which the plaintiff acknowledged included part-time work. Thus, the complaint did not allege Fichera's unjust enrichment.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted (1) Nicholas's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him in his individual capacity, (2) the motion of Nicholas, as executor of the Fichera's estate and as trustee of Fichera's testamentary trust, and Maria Iacovou, as trustee of Fichera's testamentary trust, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and (3) that branch of the motion of Lara and Wythe Properties, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court