Van Houten v Van Houten (2025 NY Slip Op 06213)

Van Houten v Van Houten

2025 NY Slip Op 06213

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-07456
 (Index No. 31590/18)

[*1]Christopher B. Van Houten, et al., appellants,
v
James B. Van Houten, etc., et al., respondents.

Ferrick Nugent MacCartney PLLC, South Nyack, NY (Donald J. Ferrick, Jr., Patrick A. Knowles, and Patrick J. McGorman of counsel), for appellants.
Kevin T. Conway, New City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated September 4, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the second cause of action and so much of the third, fourth, sixth, eighth, and ninth causes of action as related to that part of an alleged oral agreement between the defendant James B. Van Houten, nonparty Sue Ellen Van Houten, and the plaintiff Christopher B. Van Houten which provided that the plaintiff Christopher B. Van Houten was to be given a 50% equity share in the family farm business, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Christopher B. Van Houten (hereinafter Christopher) and Sharon A. Van Houten, commenced this action against James B. Van Houten (hereinafter James), Elizabeth Van Houten (hereinafter Elizabeth), and Van Houten Farms, LLC (hereinafter Van Houten Farms), by summons and verified complaint dated March 21, 2018. Christopher is the only child of James and nonparty Sue Ellen Van Houten (hereinafter Sue Ellen). According to the plaintiffs, Christopher, James, and Sue Ellen entered into an oral agreement in which James and Sue Ellen offered to give a portion of "their farm property" (hereinafter the premises) to Christopher so that Christopher could build a home and raise a family thereon. The plaintiffs further alleged that James and Sue Ellen promised that they would deliver to Christopher recordable title to the premises when the premises was either subdivided or sold or upon James's and Sue Ellen's deaths. The plaintiffs further alleged that James and Sue Ellen offered Christopher an immediate 50% equity share of the family farm business in exchange for him working and living on the premises. According to the plaintiffs, Christopher accepted the terms of the oral agreement, built his home and raised his family on the premises, and worked on the premises for more than 20 years.
After Sue Ellen died, James remarried. According to the plaintiffs, in October 2013, James conveyed title to the premises from himself to himself and his new wife, Elizabeth, as joint [*2]tenants with the right of survivorship. The plaintiffs allege that, in March 2018, James terminated Christopher from his employment at Van Houten Farms.
Thereafter, the plaintiffs commenced this action. The complaint set forth causes of action, inter alia, to impose constructive trusts on both the premises and the farm business and for specific performance of the alleged oral agreement. The defendants interposed an answer to the complaint.
Thereafter, the defendants moved, among other things, for summary judgment dismissing the complaint. The plaintiffs opposed the motion. In an order dated September 4, 2020, the Supreme Court, inter alia, granted that branch of the motion. The plaintiffs appeal.
"Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain beneficial interest" (Fakiris v Fakiris, 192 AD3d 993, 993 [internal quotation marks omitted]). "The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment" (id. at 994 [internal quotation marks omitted]; see Daniels v Ruggiero, 230 AD3d 563, 565; Estate of Uddin v Miah, 229 AD3d 764, 766). "The ultimate purpose of a constructive trust is to prevent unjust enrichment, and it will be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Broderson v Parsons, 106 AD3d 677, 679 [alteration and internal quotation marks omitted]; see Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940).
Here, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, to impose a constructive trust on the premises. In particular, the defendants established, prima facie, that because James remained the exclusive titled owner of the premises and the premises had not been subdivided or sold, that part of the parties' alleged oral agreement which related to the premises had not yet been breached and, therefore, no corresponding unjust enrichment had flowed to James (see Daniels v Ruggiero, 230 AD3d at 565). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the defendants had violated the alleged oral agreement when James conveyed the premises from himself to himself and Elizabeth as joint tenants with the right of survivorship is academic in light of the fact that Elizabeth died during the pendency of this action.
For the same reasons, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action, in effect, for breach of that part of the alleged oral agreement which related to the premises and for specific performance (see Tretter v Tretter, 150 AD3d 1039, 1041).
Furthermore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the seventh cause of action, in effect, for a judgment declaring that the plaintiffs acquired title to the premises by adverse possession. In particular, the defendants established, prima facie, that the plaintiffs' possession of the premises was permissive during the majority of the relevant period (see Oppedisano v Arnold, 143 AD3d 873, 875; Bratone v Conforti-Brown, 79 AD3d 955, 957-958). In opposition, the plaintiffs failed to raise a triable issue of fact.
However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, to impose a constructive trust on the farm business. In particular, the defendants failed to eliminate triable issues of fact related to the plaintiffs' allegations that James had secretly incorporated the farm business without accounting for the 50% equity share that Christopher alleged had formed part of the alleged oral agreement. Contrary to the defendants' contentions, under the circumstances, the allegation that Christopher expended time and effort on the farm business in reliance on a promise to share in some interest in the premises was sufficient to satisfy the transfer element of the second cause of action (see Estate of Uddin v Miah, 229 AD3d at 766-767). Accordingly, the court should have denied that [*3]branch of the defendants' motion regardless of the sufficiency of the plaintiffs' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Similarly, the Supreme Court erred in granting those branches of the defendants' motion which were for summary judgment dismissing so much of the third, fourth, sixth, eighth, and ninth causes of action as related to that part of the alleged oral agreement which provided that Christopher would be given a 50% equity share in the farm business in exchange for him working and living on the premises. The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing those portions of those causes of action.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court